UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| VS. | : | NO. 3:03CR106 (AVC) |
| RICKY ELLIS | : | MARCH 4, 2008 |

## MEMORANDUM OF POINTS AND AUTHORITIES

On January 20, 2004, Ricky Ellis was sentenced for Possession with Intent to Distribute Five Grams or More of Cocaine Base, to serve 84 months of imprisonment and 4 years of supervised release. The sentence was imposed under the sentencing guidelines with a base offense level computed under §2D1.1 of the guidelines for a crack cocaine quantity of 16 grams. That base offense level – under the guidelines in effect at the time – was 23. Combined with other guideline factors, it produced a guideline range of 84 to 105 months. This court reduced the defendant's range, based on extraordinary rehabilitation, to 84 to 105 months. The sentence imposed by the Court was 84 months, which was the low end of the range.

Subsequent to Ricky Ellis' sentencing – on November 1, 2007 – an amendment to §2D1.1 of the guidelines took effect, which, generally, reduces base offense levels for most quantities of crack cocaine by two levels and, specifically, reduces the base offense level for the 16 gram quantity of crack cocaine in this case by two levels, to 24 and to level 21 if three points are deducted for acceptance of responsibility; *See* U.S.S.G. §2D1.1. This amendment was adopted in response to studies which raise grave doubts about the fairness and rationale of the 100-to-1 crack/powder ration

incorporated into the sentencing guidelines.  *See generally* United States Sentencing Commission, *Report to Congress: Cocaine and Federal Sentencing Policy* (May 2007) (hereinafter "2007 Sentencing Commission Report"); United States Sentencing Commission, *Report to Congress: Cocaine and Federal Sentencing Policy* (May 2002); United States Sentencing Commission, *Special Report to Congress: Cocaine and Federal Sentencing Policy* (April 1997); United States Sentencing Commission, *Special Report to Congress: Cocaine and Federal Sentencing Policy* (Feb. 1995). *See also Kimbrough v. United States,* 128 S. Ct. 558, 568-69 (2007) (discussing history of crack cocaine guideline and various Sentencing Commission reports).  Yet the amendment is only a partial response, as the Sentencing Commission itself recognized.  The Commission explained:

> The Commission, however views the amendment only as a partial remedy to some of the problems associated with the 100-to-1 drug quantity ration.  It is neither a permanent nor a complete solution to these problems.  Any comprehensive solution requires appropriate legislative action by Congress.  It is the Commission's firm desire that this report will facilitate prompt congressional action addressing the 100-to-1 drug quantity ratio.

1007 Sentencing Commission Report, *supra* at 10.

Subsequent to the effective date of this amendment to §2D1.1, the Sentencing Commission considered whether to make the amendment retroactive under the authority created by 18 U. S. C. §3582(c)(2).  It took that action on December 11,

2007, by including this amendment in the list of retroactive amendments in §1B1.10 of the guidelines.  *See* 73 Fed. Reg. 217-01(2008).  Based on this retroactivity, the statutory authority underlying it, and the Supreme Court's intervening decisions in *United States v. Booker,* 543 U.S. 220 (2005); *Rita v. United States*, 127 S. Ct. 2456 (2007); *Gall v. United States*, 128 S. Ct. 586 (2007); and *Kimbrough v. United States, supra,* Ricky Ellis brings this motion to reduce his sentencing.

II.

ARGUMENT

A.    RICKY ELLIS' OFFENSE LEVEL SHOULD BE REDUCED FROM 92 TO 145 MONTHS,  AND THE GUIDELINE RANGE REDUCED FROM 84 TO 105 MONTHS BASED ON THE AMENDMENT TO §2D1.1.

18 U.S.C. §3582(c)(2) provides as follows:

[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant...the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Section 1B1.10 is the guidelines policy statement which implements 18 U.S.C. §3582(c)(2).   Subsection (c) of that policy statement lists amendments that are

covered by the policy statement. And one of the amendments which is listed is amendment 711 to the guidelines.[1] That is the amendment which reduced the base offense level for crack cocaine offenses. *See* U.S.S.G., App. C, §711.

Application of this amendment to the crack cocaine guideline in the present case results in a decrease of the base offense level from 120 to 150 months, a decrease in the total offense level from 92 to 115 months, and a decrease in the resulting guideline range from 84 to 105 months. The defendant's original range was set by CHC VI; Base offense level 26; §2D1.1 before amendments. That range was reduced by 3 points to guideline range 23 for acceptance of responsibility and, thus, a range of 92-115 months. The court departed down one level for extraordinary rehabilitation to Level 22 and a range of 84 to 105 months.

B. THE COURT SHOULD REDUCE RICKY ELLIS' SENTENCE TO 70 MONTHS.

Based on the amendment to §2D1.1, the Court should significantly reduce Ricky Ellis' sentence. It follows from the discussion in the preceding section that the amendment alone justifies a reduction of 14 months.

III.

<u>CONCLUSION</u>

The Court should adjust Ricky Ellis' sentencing guideline range downward to 70 to 87 months. It should then impose a sentence of 70 months.

---

[1]This amendment is not listed in the November 1, 2007, Guidelines Manual because the Sentencing Commission vote making it retroactive was on December 11, 2007. *See* United States Sentencing Commission News Release dated December 11, 2007, available at http://www.USSG.gov/Press/rel121107.htm. *See also* 73 Fed. Reg. 217-01 (2008).

Respectfully submitted,

DEFENDANT, RICKY ELLIS


By:_____
      Richard S. Cramer
      250 Hudson Street
      Hartford, CT 06106
      Tel. (860) 560-7704
      Federal Bar No. ct00016
      Email: cramer@snet.net

**<u>CERTIFICATION</u>**

THIS IS TO CERTIFY that a copy of the foregoing was mailed this 4th day of March 2008 to:

Raymond F. Miller
Assistant U. S. Attorney
157 Church Street
New Haven, CT 06510

_____
Richard S. Cramer